UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

FRANCOIS LEGAGNEUR                               DOCKET NO. 2:25-cv-01542
        REG. # 41269-510                                     SECTION P

VERSUS                                            JUDGE JAMES D. CAIN, JR.

WARDEN FCI OAKDALE                                MAGISTRATE JUDGE LEBLANC


**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Francois Legagneur ("Petitioner"). Doc. 1. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Petitioner is currently serving a sentence imposed by the United States District Court for the Southern District of Florida. Doc. 1, p. 1. He argues the Warden and the BOP have failed to timely apply his First Step Act credits based on the mistaken allegation that he is subject to an immigration detainer, and, as such, they are obligated to immediately place him in a halfway house or home confinement. *Id*. at pp. 6, 18.

Prior to filing the instant petition, Petitioner began the grievance process by filing an Inmate Request to Staff, which was denied by the Warden on July 18, 2025. Doc. 1-2, p. 7. He was instructed to submit a BP-9 form should he intend to move forward with an appeal of the

Warden's decision.  *Id.*  On July 18, 2025, Petitioner filed an appeal with the South Central Regional Office (*see id.* at p. 9), which was denied on September 11, 2025 (*id.* at p. 10).  Petitioner concedes that he did not file a third appeal.  Doc. 1 at p 3. Instead, Petitioner filed the habeas petition presently before this Court.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Exhaustion*

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process.  An inmate may seek relief in federal court only after he has exhausted **all levels** of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (emphasis added).

A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. *Thomas v. Warden*, 2021 U.S. Dist. LEXIS 257108 (E.D. Tex. May 28, 2021).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  Moreover, the fact that the petitioner believes his grievances will be denied does not make the remedy futile.  *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017).  Because Petitioner failed to exhaust administrative remedies by filing each step of the remedy procedure in a procedurally correct manner before filing this petition, the petition should be dismissed.  However, as discussed below, even if Petitioner had exhausted his claims, he would not prevail on the merits.

### C. *No Constitutional Right to Confinement in a Particular Place*

Petitioner is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the constitution, treaties, or laws of the United States. *United States v. Hayman,* 342 U.S. 205, 211-12 & n.11 (1952); *see also Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (quotation omitted). Indeed, it is well settled that "[a] necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241). As such, a § 2241 habeas corpus petition is proper if the petitioner seeks release from custody— i.e., "if a favorable determination of the prisoner's claim would [] automatically entitle him to accelerated release." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020).

Petitioner does not seek release from custody; instead, he seeks pre-release placement in a halfway house or home confinement. *See generally* doc. 1. The United States Supreme Court, however, has consistently held a prisoner has no constitutional right to confinement in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

Section 3624(c) grants the BOP Director the discretion to place a prisoner in a residential reentry center for up to twelve months. 18 U.S.C. § 3624(c)(1); *United States v. Wessels*, 539 F.3d

913, 915 (8th Cir. 2008) (Bright, J., concurring). It further gives the Director the discretion "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). It also directs the BOP to issue new regulations to ensure that placements in community facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. § 3624(c)(6).

A petitioner complaining about a discretionary assignment by the BOP is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

After reviewing the instant petition and the applicable statutes, the Court finds that, even if he had exhausted his administrative remedies, his claim would fail as the BOP has the exclusive authority and discretion to determine if and when to assign him to a halfway house or home confinement. The Court further finds Petitioner has failed to identify in his petition any restraint on his liberty which violates the constitution, treaties, or laws of the United States.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

-6-

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 26th day of January, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE